IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| RAMON DE PAZ-SALVADOR, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 3:09-CR-00018 (CAR) |
| VS. | : | NO. 3:11-CV-90099 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | Proceedings Under 28 U.S.C. § 2255 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Ramon De Paz-Salvador's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 46. Petitioner pleaded guilty to one count of illegal reentry and was sentenced to seventy-seven months imprisonment followed by three years of supervised release. In his motion, Petitioner alleges that his counsel was ineffective for failing to argue for a downward departure based on the disparity between federal districts regarding the use of "fast-track" programs in immigration cases. Because Petitioner has failed to show that his counsel's performance was unreasonable and that he was prejudiced as a result of his counsel's performance, it is hereby **RECOMMENDED** that Petitioner's motion be **DENIED**.

## BACKGROUND

1. **Course of Proceedings**

On April 23, 2009, a one-count indictment was returned in this Court charging Petitioner Ramon De Paz-Salvador with illegal reentry in violation of 8 U.S.C. § 1326(a)(2) in connection with 8 U.S.C. § 1326(b)(2). Doc. 1. On August 13, 2009, Petitioner pleaded guilty to the indictment as charged without a written plea agreement. Doc. 39. On October 28, 2009,

1

Petitioner's case was called for sentencing. Doc. 40. At sentencing, Petitioner objected to the sixteen-level enhancement based on Petitioner's prior crime of violence. Id. The Court overruled Petitioner's objections and accepted the Presentence Investigation Report (PSR). Id. The Court determined that Petitioner's advisory guideline sentencing range was 77 to 96 months and sentenced Petitioner to 77 months imprisonment. Id.

On November 13, 2009, Petitioner filed a notice of appeal. Doc. 31. On appeal, Petitioner argued that the district court procedurally erred by failing to adequately explain its sentence and that the district court issued a substantively unreasonable sentence. Doc. 44. On May 10, 2010, the Eleventh Circuit affirmed Petitioner's conviction and sentence. Id. Petitioner filed the instant Section 2255 motion on March 3, 2011. Doc. 46.

2. **Fast-track programs**

In 2003, Congress enacted the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 (PROTECT Act). Pub. L. No. 108-21, 117 Stat. 650 (2003). The PROTECT Act directed the United States Sentencing Commission to adopt policies that allow district court judges to depart downward from the guidelines when the Government moves to include a defendant in the fast-track program. See United States v. Martinez-Flores, 428 F.3d 22, 25 (1st Cir. 2006). Following the enactment of the PROTECT Act, the Sentencing Commission enacted a sentencing guideline that allows a sentencing court to "depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1. The PROTECT Act did not make fast-track programs mandatory for all districts. See United States v. Castro, 455 F.3d 1249, 1252 (11th Cir. 2006).

### 3. Deputy Attorney General James M. Cole's memorandum

On January 31, 2012, James M. Cole, the Deputy Attorney General for the United States Department of Justice, distributed a memorandum regarding fast-track programs and the disparities caused by the absence of fast-track programs in certain districts. Memorandum from the Deputy Attorney General to All United States Attorneys (January 31, 2012), available at http://www.justice.gov/dag/fast-track-program.pdf. The memorandum sets forth a new nation-wide policy requiring United States Attorneys to implement fast-track programs in their districts in order to correct the disparate sentencing issues based on the district where the illegal immigrant is detained. The memorandum, however, "provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal…." Id. The memorandum gives broad discretion to prosecutors to determine whether a fast-track program will be offered to a defendant. The memorandum also sets forth requirements that must be detailed and agreed upon by the parties in the plea agreement allowing a defendant to enter the fast-track program.

## DISCUSSION

Petitioner alleges that his counsel was ineffective both at sentencing and on appeal for failing to argue that Petitioner was illegally sentenced based on the disparate treatment between federal districts' use of fast-track programs for illegal immigrants.[1] Although fast-track programs are used by some federal districts to deal with the large number of illegal reentry and other immigration cases pending in those districts, this district had not implemented a fast track

---

[1] Petitioner's Section 2255 motion only raises one ground of ineffective assistance of counsel at sentencing. Doc. 46. Petitioner's reply also raises a claim that counsel was ineffective for not raising the same issue on appeal. Doc. 51. Construing Petitioner's motion liberally, the Court addresses both grounds.

3

program at the time Petitioner was sentenced. Petitioner contends that the failure of certain districts to fast-track illegal immigrants creates unequal sentences for illegal immigrants based solely on where they are prosecuted, resulting in unlawful sentencing disparities and equal protection violations. Because the failure to implement a fast-track program in this district does not violate the Equal Protection Clause or create unlawful sentencing disparities, counsel's performance was not deficient and Petitioner was not prejudiced by counsel's failure to raise those issues at sentencing or on appeal. Additionally, because the Deputy Attorney General's memorandum does not create new law or new rights for Petitioner, the memorandum does not entitle Petitioner to relief.

The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. CONST. amend. VI. The right to counsel provision guarantees the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: (1) his attorney's performance was deficient, *and* (2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A petitioner must prove both prongs of the Strickland test to show his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A strong presumption exists that counsel's performance was reasonable. Id. In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively

competent counsel would take the action in question. Van Poyck v. Florida Department of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002). In the context of a guilty plea, a petitioner must demonstrate that counsel's advice was outside the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 58 (1985).

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697; Meeks v. Moore, 216 F.3d 951, 960 (11th Cir. 2000). Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694). If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the Strickland test. Holiday v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

The right to effective assistance of counsel applies equally to counsel on appeal of right as it does to trial counsel. Evitts v. Lucey, 469 U.S. 387, 396 (1985). The Eleventh Circuit has held that the Strickland standard applies to ineffective assistance of appellate counsel claims. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991). Thus, to prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that his appellate counsel's performance was deficient and that the petitioner was prejudiced by the performance. Id. Further, counsel cannot be found ineffective for failing to raise every non-frivolous defense. Chandler, 218 F.3d at 1319. Counsel must use his or her judgment to determine which claims and arguments to emphasize, which may require counsel to rule out other non-frivolous claims and arguments. Id.

Petitioner has failed to satisfy either prong of the Strickland standard. The Eleventh Circuit has held that "the absence of a fast-track program in a judicial district where a defendant is sentenced does not violate equal protection." United States v. Campos-Diaz, 472 F.3d 1278,

1279-80 (11th Cir. 2006). Additionally, the Eleventh Circuit has held that the absence of a fast-track program does not create an unlawful sentencing disparity as defined in 18 U.S.C. § 3553(a)(6). United States v. Gomez, 358 Fed. Appx. 53, 54 (11th Cir. 2009) (citing Castro, 455 F.3d at 1252-53). Because it is well settled in this circuit that the absence of a fast-track program is not unlawful, counsel's failure to raise those issues at sentencing and on appeal was reasonable, and Petitioner was not prejudiced by counsel's failure to raise those issues.

Additionally, the Deputy Attorney General's memorandum does not entitle Petitioner to relief. As described above, the memorandum specifically states that it cannot be relied upon by defendants to create new rights enforceable at law in any matter. Because the memorandum did not create any substantive or procedural rights, the memorandum does not create new law that could be retroactively applied. United States v. Granados-Ruiz, 2012 WL 2464871 (M.D.Fla. June 27, 2012). Moreover, because prosecutors maintain broad discretion in determining if a defendant is eligible for the fast-track program, it is unclear whether Petitioner would have been selected to participate in the program. Accordingly, Petitioner is not entitled to relief.

## CONCLUSION

For the above reasons, **IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DENIED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 14th day of September, 2012.

                                                s/ Charles H. Weigle_____
                                                Charles H. Weigle
                                                United States Magistrate Judge