IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| RAMON DE PAZ-SALVADOR, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | No. 3:09-CR-18 (CAR) |
| UNITED STATES OF AMERICA, | : | No. 3:11-CV-90099 (CAR) |
| | : | |
| Respondent. | : | |
| _____ | : | |

### ORDER ON THE RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge [Doc. 54] to deny Petitioner Ramon De Paz-Salvador's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 46]. Petitioner filed an Objection to the Recommendation [Doc. 55]. Having considered Petitioner's Objection and having reviewed the matter *de novo*, the Court agrees with the findings and conclusions of the Magistrate Judge. The Recommendation [Doc. 54] is hereby **ADOPTED**, and Petitioner's Motion [Doc. 46] is **DENIED**.

In his Motion, Petitioner contends that his counsel failed to argue that he was illegally sentenced because of the disparity between federal districts' use of optional "fast-track" programs in immigration cases. At the time Petitioner was sentenced, the Middle District of Georgia had not implemented the optional program. On January

31, 2012, Deputy Attorney General James M. Cole distributed a Memorandum that implemented uniform fast-track programs in all federal districts in an effort to correct sentencing disparities.  Petitioner cites this Memorandum as his basis that failing to receive a uniform sentence violated his right to equal protection, and that his attorney's failure to argue this was deficient performance.  In concluding that Petitioner had failed to satisfy either prong of the ineffective assistance of counsel standard in *Strickland v. Washington*,[1] the Magistrate Judge relied on controlling Eleventh Circuit precedent, which held that "'the absence of a fast-track program in a judicial district where a defendant is sentenced does not violate equal protection.'"[2]

Petitioner makes several objections to the Recommendation.  First, Petitioner argues that the authority relied upon by the Magistrate Judge were decided prior to the Memorandum and thus did not consider "precisely" why the Memorandum was promulgated: to, as Petitioner contends, remedy violations of the Fourteenth Amendment.[3]  The Court disagrees.  While the Memorandum was promulgated to remedy disparate sentencing, there is no indication that it was promulgated because the disparate sentencing violated the Fourteenth Amendment.  Moreover, the Magistrate Judge's reliance on Eleventh Circuit precedent is not erroneous as it remains controlling authority.  Thus, the Court agrees that the absence of a fast-track

---

[1] 466 U.S. 668, 687 (1984) (holding petitioner must prove by a preponderance of the evidence that (1) his attorney's performance was deficient, and (2) he was prejudiced by the inadequate performance).
[2] [Doc. 54 at 5-6] (quoting *United States v. Campos-Diaz*, 472 F.3d 1278, 1279-80 (11th Cir. 2006)).
[3] [Doc. 55 at 1].

program, despite the subsequently promulgated Memorandum, does not violate equal protection.

Petitioner also argues that not applying the Memorandum retroactively violates equal protection. Again, however, the Court disagrees. The Memorandum explicitly states that it cannot be relied upon to enforce any new substantive or procedural right. Thus, the Memorandum cannot now be relied upon by Petitioner to assert that his right to equal protection is violated.

Lastly, Petitioner asserts that an evidentiary hearing is necessary to determine whether Petitioner would have been selected to participate in the program. An evidentiary hearing is only required when the facts alleged by Petitioner, if true, would entitle him to relief.[4] Here, Petitioner has not alleged any facts that, taken as true, would warrant relief. It is irrelevant whether the Government would have selected Petitioner to participate in the fast-track program because the program was not in effect at the time of Petitioner's sentencing. Thus, the Court concludes that an evidentiary hearing is not warranted in this case.

Accordingly, the Recommendation [Doc. 54] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. 46] is **DENIED**. Because it does not

---

[4] See *Avon v. United States*, 291 F.3d 706, 715 n.5 (11th Cir. 2002).

appear that Petitioner has made a substantial showing of the denial of a constitutional right, a certificate of appealability is **DENIED**.

**SO ORDERED,** this 11th day of October, 2012.

                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL
                                              UNITED STATES DISTRICT JUDGE

LMH